5714.   KENNEDY *v.* BUTLER, STEVENS & CO.

1. "Where any suit is instituted or defended by a person insane at time of trial, or by an indorsee, assignee, transferee, or by the personal representative of a deceased person, the opposite party shall not be admitted to testify in his own favor against the insane or deceased person, as to transactions or communications with such insane or deceased person."   Civil Code, § 5858 (1).

(*a*) It appears that this suit was defended by Butler, Stevens & Company, who acquired both possession and title through a transfer from one Purvis, now deceased, and therefore testimony from the plaintiff,

Kennedy, against the interest of the defendants, as to his transactions and communications with Purvis, or as to the non-existence of such transactions and communications, would be incompetent. *Turner* v. *Woodward*, 136 *Ga.* 275 (71 S. E. 418); *Hendricks* v. *Allen*, 128 *Ga.* 181 (57 S. E. 224).

(*b*) So, also, proof of the execution of a letter purporting to be signed by the deceased transferor, containing admissions prejudicial to the interest of his transferees, could not be made by the plaintiff; nor could testimony from the plaintiff be admitted to the effect that this letter and certain accounts of sales of cotton, which likewise tended to establish facts prejudicial to the interest of the transferees of Purvis, were delivered to the plaintiff by Purvis.

2. "Where a person not a party, but a person interested in the result of the suit, is offered as a witness, he shall not be competent to testify, if as a party to the cause he would for any cause be incompetent." Civil Code, § 5858 (4).

(*a*) Taylor was not pecuniarily interested in the result of the trover suit brought by his landlord Kennedy, since he was a cropper, and the title and right of possession of the two bales of cotton included in the suit, which were grown by him, was vested by law in his landlord; and therefore he was not incompetent to prove transactions and communications, or the absence thereof, between himself and the deceased Purvis.

3. Considering all the testimony admitted by the court, together with that improperly eliminated by the court's ruling upon the testimony. of Taylor, the evidence as a whole did not authorize the plaintiff to recover; and therefore it was not error to award a nonsuit.

DECIDED FEBRUARY 18, 1915.

Trover; from city court of Savannah—Judge Davis Freeman. April 9, 1914.

*Oliver & Oliver,* for plaintiff.  *Adams & Adams,* for defendants.

WADE, J.  Kennedy brought trover against Butler, Stevens & Company, to recover two bales of cotton grown by him and two bales grown by Taylor as his cropper, to which he claimed legal title as landlord (Civil Code, § 3705), but in which Taylor had an interest.  The extent of Taylor's interest is not definitely disclosed, as the amount of his indebtedness to his landlord to be first paid therefrom does not appear.  Purvis, now deceased, acquired possession of the four bales of cotton and shipped them in his own name and for his own benefit and credit to the defendants.  The plaintiff sought to prove by his own testimony transactions and communications between himself and Purvis, tending to show that he had never sold his two individual bales of the cotton to Purvis or authorized him to use them for his own benefit, and also to show statements made by Purvis to identify a letter and account of sales for the four bales of cotton as having been signed by and coming

from Purvis,—all of which would have been against the interest of the transferees of the deceased. The plaintiff further sought to prove by Taylor, his cropper, who had an interest in the proceeds to be derived from two of the bales of cotton sued for, that Taylor had likewise never sold these two bales to Purvis or agreed for him to ship or market them, and show transactions and communications and the absence of transactions and communications between Purvis and himself in reference to this cotton.

The headnotes do not require elaboration.

*Judgment affirmed. Broyles, J., not presiding.*